GUARANTY TRUST CO. OF NEW YORK v. SECOND AVE. R. CO. et al.

(Circuit Court, S. D. New York. August 3, 1909. Additional Opinion, August 30, 1909.)

Nos. 3–14.

COURTS (§ 492*)—PRIORITY OF JURISDICTION—FEDERAL OR STATE COURTS.

Where street railroad property, which was in the possession of receivers of a federal court appointed for a lessee, has been turned over by them to the receiver of a state court appointed in a suit to foreclose a mortgage thereon, the federal court is without jurisdiction to entertain a suit in relation thereto in which there is no diversity of citizenship, although it was commenced before the one in the state court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1345; Dec. Dig. § 492.*

Jurisdiction in mortgage foreclosure, see note to Seattle, L. S. & E. Ry. Co. v. Union Trust Co., 24 C. C. A. 533.]

In Equity.
See, also, 165 Fed. 487.

Davies, Stone & Auerbach, for Guaranty Trust Co.
J. Parker Kirlin, for Metropolitan St. Ry. Co.
Masten & Nichols, for receivers of Metropolitan St. Ry. Co.
Bronson Winthrop, for Morton Trust Co.

LACOMBE, Circuit Judge. On July 12, 1909, an order was signed extending the time for taking proofs under the rule to October 9th. The order was submitted with the usual daily package of ex parte orders and, being assented to by every one, was signed without particular investigation. Since then the court has looked into the situation and has doubts as to the propriety of any such order.

The suit is for foreclosure of a mortgage, and was begun September 3, 1908. Application was at once made for the appointment of a receiver. The court called attention to the circumstance that the mortgaged property was held under lease to the Metropolitan Street Railway Company by the receivers of that company, that negotiations looking towards a reduction of rent had been undertaken without success, and added:

"The mere circumstance (in the absence of diversity of citizenship) that the Second avenue property has remained in the hands of Metropolitan receivers during the pendency of these negotiations should not be controlling as to the forum in which complainant may obtain relief. since receivers have offered to return the property and are ready to deliver to owners or owners' representatives at any time. The petition is denied without prejudice to its renewal in a state court." 165 Fed. 487.

Subsequently a bill of foreclosure was filed in the state court, a receiver appointed by that court, and the property turned over to him. It is now in the custody of the state court.

Under these circumstances it would seem that this court is power-less to administer the relief prayed for. There is no diversity of citizenship, and the property is not in the custody of the court. There is jurisdiction neither of the parties nor of the subject-matter. The taking of proofs would therefore seem to be a waste of time and money.

The case may be put on the motion calendar for August 25th, when the court will hear what parties may have to say as to the vacating of the order extending time for taking proofs.

## Additional Opinion.

As indicated in memorandum filed August 3d, I am convinced that this court is without power to give the relief prayed for. Inasmuch, however, as it is stated that all parties, though recognizing this situation, wish to have the cause kept alive pending efforts at reorganization, the order extending time for taking proofs, which has been consented to, is signed.